[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12934
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cr-00003-LAG-CHW-13

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LORENZ TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 1, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LUCK, Circuit
Judges.

PER CURIAM:

Kevin Lorenz Taylor, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court denied Taylor's motion "without prejudice because [he] ha[d] neither exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf; nor [had] 30 days lapsed since the receipt of such a request by the Warden" of Yazoo City Low FCI. *See id.* § 3582(c)(1)(A)(i). But Taylor attached to his motion a request for compassionate release that he submitted to the Warden on February 27, 2020. The government concedes that Taylor exhausted his administrative remedies by filing his request more than 30 days before he filed his motion in the district court. *See id.* And while Taylor's appeal was pending, we held in *United States v. Harris*, No. 20-12023, slip op. at 5 (11th Cir. Mar. 2, 2021), that "[s]ection 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional[.]" Because the district court could entertain Taylor's motion, we vacate the order that denied Taylor's motion for failure to exhaust and remand for further proceedings.

**VACATED AND REMANDED.**